**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWIN ELISEO GARCIA VASQUEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al.,<br><br>Respondents. | No. 1:26-cv-07187-JLT-SAB<br><br>A-Number: 220-789-146<br><br>ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS; AND DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Docs. 1, 4) |

## I. INTRODUCTION

Before the Court is Edwin Eliseo Garcia Vasquez' request for a temporary restraining order (Doc. 4), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) For the foregoing reasons, the Court **DISMISSES** the petition for writ of habeas corpus without prejudice

## II. BACKGROUND

Petitioner is from Honduras and entered the United States without inspection on or about October 10, 2021, where he was encountered by U.S. Border Patrol at or near Rio Grande City, Texas. (Doc. 10-1 at 2.) Petitioner was processed with a Notice to Appear and released to a sponsor on an Order of Recognizance. (*Id.*) Following his release from detention, Petitioner began living in Salt Lake City, Utah, applied for asylum, obtained gainful employment through

work authorization granted by USCIS, and married a legal permanent resident. (Doc. 1 at 24-25.) On July 21, 2026, Petitioner plead guilty to the offense of Assault – Domestic Violence, for which he was ordered to complete a domestic violence evaluation, fined $500, and ordered to serve 24 months' probation. (Doc. 10-1 at 2.) That same day, Petitioner was arrested by ICE at the Bountiful Police Department and taken into immigration custody. (*Id.*) He was transferred to the California City Detention Facility in California City, California, where he remains. (Doc. 1 at 2.) Petitioner received a custody redetermination hearing before an immigration judge on August 18, 2026, pursuant to 8 C.F.R. § 1236.1. (Doc. 10-2 at 1.) Petitioner appeared without counsel. (*See* Doc. 11, Digital Audio Recording ("DAR").) The IJ denied bond on the basis of dangerousness, citing Petitioner's recent conviction for assault/domestic violence. (*Id.*) Despite Petitioner waiving appeal during the bond hearing, Petitioner claims he has filed an appeal to the BIA. (*See* Doc. 10-2 at 2; Doc. 1 at 26.)

On September 8, 2026, Petitioner filed a *pro se* petition for habeas corpus, arguing that his detention without a pre-deprivation hearing violated his due process rights under the Fifth Amendment. (Doc. 1 at 26.) Furthermore, Petitioner argues that the August 18, 2026, bond hearing was "legally insufficient to establish that Petitioner's release posed a risk or dangerousness to the community." (*Id.*) Petitioner argues that, on these grounds he is entitled to immediate release. (*Id.*) On September 15, 2026, Respondents filed an opposition, arguing (1) that Petitioner is properly detained under 8 U.S.C. § 1226(a) and has received the process he is due under that statute, and (2) that he must exhaust his administrative remedies by appealing his bond order to the Board of Immigration Appeals ("BIA") before seeking relief in habeas. (Doc. 10 at 2.)

## III. LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

Petitioner seeks his immediate release from custody, which he contends violates the Fifth Amendment Due Process Clause under the United States Constitution. (Doc. 1 at 25.) Thus, he properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue here and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999).

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

In their opposition to habeas relief, Respondents argue that Petitioner failed to exhaust his administrative remedies by appealing his bond order to the BIA before seeking habeas relief. (Doc. 10 at 2.)

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). If a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies."

*Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, the exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quotation marks and citations omitted).

Petitioner argues that waiver is appropriate in this case to avoid further irreparable harm, given that he is suffering from extreme depression while in detention. (Doc. 1 at 21, 26.) To the extent Petitioner appears to challenge the findings of the immigration judge in his denial of bond, the *Puga* factors weigh in favor of requiring Petitioner to exhaust his administrative remedies. First, the BIA is the subject-matter expert for appeals of custody redetermination and bond decisions. Accordingly, BIA consideration of the IJ's decision—specifically the IJ's dangerous finding—is necessary to generate a proper record and reach a proper decision. Second, waiving exhaustion in this instance would encourage others to deliberately bypass the established administrative scheme, which contemplates appeals with the BIA, not the district court, in the first instance. Third, the outcome of such appeal may provide Petitioner the relief sought in this proceeding and eliminate the need for judicial review.

However, the Court waives the prudential exhaustion requirement as to Petitioner's claims challenging the constitutionality of his continued detention under 8 U.S.C. § 1226(a). *See Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017) (waiver of exhaustion requirement proper where the petitioner raised a purely legal challenge). As such, the Court turns to Petitioner's claims that his detention under 8 U.S.C. § 1226(a) violates his due process rights.

**B. Due Process**

The parties do not dispute that Petitioner is currently detained under 8 U.S.C. § 1226(a) following his arrest and detention. Petitioner received the process to which he was entitled under that statute—namely, a bond hearing before an IJ in August 2026. Therefore, Petitioner has already received the statutory relief to which he is entitled pursuant to § 1226(a). Petitioner has not identified a basis for the Court to order his immediate release pursuant to the Due Process

To the extent Petitioner asserts any claims regarding the duration of his current detention,

Respondents are correct that Petitioner's detention is neither indefinite nor unconstitutionally prolonged. (Doc. 10 at 2.) Although 8 U.S.C. § 1226(a) does not include a limitation on the duration of such detention, it cannot be indefinite. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008). Relying on the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 703 (2001), the Ninth Circuit has concluded that the government's detention authority under 8 U.S.C. § 1226(a) is "limited to the period reasonably necessary to bring about an alien's removal from the United States." *Prieto-Romero*, 534 F.3d at 1063 (citation modified). In *Zadvydas*, the Supreme Court also stated that a six-month period of detention is presumptively reasonable. 533 U.S. at 701. Here, Petitioner's current detention is presumptively reasonable because he has only been detained for two months. Accordingly, Petitioner's continued detention under 8 U.S.C. § 1226(a) is constitutional.

## V. CONCLUSION AND ORDER

1. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice.
2. The request for a temporary restraining order (Doc. 4) is **DENIED AS MOOT**.
3. The Clerk of Court is directed to enter judgment for Respondents and close this case.

IT IS SO ORDERED.

Dated: September 30, 2026

[signature]
UNITED STATES DISTRICT JUDGE